Michael E. Gates (SBN 258446)
  City Attorney
OFFICE OF THE CITY ATTORNEY
2000 Main Street, P.O. Box 190
Huntington Beach, CA 92648
(714) 536-5555
michael.gates@surfcity-hb.org
*Counsel for Plaintiff City of Huntington Beach,*
*a California Charter City, and Municipal Corporation*

Donald M. Falk (SBN 150256)
SCHAERR | JAFFE LLP
Four Embarcadero Center, Suite 1400
San Francisco, CA 94111
(415) 562-4942
dfalk@schaerr-jaffe.com

Gene C. Schaerr*
Stephanie L. Freudenberg*
Justin A. Miller*
Aaron C. Ward*
SCHAERR | JAFFE LLP
1717 K Street NW, Suite 900
Washington, DC 20006
(202) 787-1060
gschaerr@schaerr-jaffe.com
sfreudenberg@schaerr-jaffe.com
jmiller@schaerr-jaffe.com
award@schaerr-jaffe.com

Nicholas Barry*
Ian Prior*
AMERICA FIRST LEGAL FOUNDATION
611 Pennsylvania Ave. S.E., #231
Washington, DC 20003
(202) 964-3721
nicholas.barry@aflegal.org
ian.prior@aflegal.org

*Admitted *pro hac vice*

*Counsel for Plaintiffs City of Huntington Beach, a California
Charter City, and Municipal Corporation; and Parents 1A-10A*

1

1  ROB BONTA
   Attorney General of California
2  DARRELL W. SPENCE (SBN: 248011)
   Supervising Deputy Attorney General
3  JENNIFER A. BUNSHOFT (SBN: 197306)
   KEVIN L. QUADE (SBN: 285197)
4  Deputy Attorneys General
   455 Golden Gate Avenue, Suite 11000
5  San Francisco, CA  94102-7004
   Telephone: (415) 510-4426
6  Fax: (415) 703-5843
   E-mail: Jennifer.Bunshoft@doj.ca.gov
7  *Attorneys for Defendants*
8

9

10              IN THE UNITED STATES DISTRICT COURT
                FOR THE CENTRAL DISTRICT OF CALIFORNIA
11

12  CITY OF HUNTINGTON BEACH,          Case No. 8:24-cv-02017 CBM (JDEx)
13  a California Charter City, and
    Municipal Corporation; PARENTS 1A-
14  9A,
15                        Plaintiffs,   **STIPULATION AND PROPOSED
                                        PROTECTIVE ORDER**
16          v.
                                        Judge:
17  GAVIN NEWSOM, in his official       The Honorable Consuelo B. Marshall
    capacity as Governor of the State of
18  California; ROBERT BONTA, in his
    official capacity as Attorney General of  Magistrate Judge:
19  the State of California; and TONY    The Honorable John D. Early
    THURMOND, in his official capacity
20  as California State Superintendent of Action Filed: September 17, 2024
21  Public Instruction,
                          Defendants.
22

23

24          1.    PURPOSES AND LIMITATIONS

25          Discovery in this action is likely to involve production of confidential,

26  proprietary or private information for which special protection from public disclosure

27  and from use for any purpose other than pursuing this litigation may be warranted.

28  Accordingly, the parties hereby stipulate to and petition the Court to enter the

following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.

2.    <u>GOOD CAUSE STATEMENT</u>

This action will involve confidential and sensitive private information and documents pertaining to the identity of certain pseudonymous Plaintiffs and their families, or from which their identities may be derived, and may involve information and documents related to the identity of other students who are third parties.  The action may also involve other confidential information and documents in Defendants' possession. Such confidential materials and information consist of personally identifying information, and, information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

3.    <u>ACKNOWLEDGMENT OF UNDER SEAL FILING PROCEDURE</u>

The parties further acknowledge, as set forth in Section 14.3, below, that this Stipulated Protective Order does not entitle them to file confidential information

under seal; Local Civil Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal. There is a strong presumption that the public has a right of access to judicial proceedings and records in civil cases. In connection with non-dispositive motions, good cause must be shown to support a filing under seal. *See Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1176 (9th Cir. 2006), *Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002), *Makar-Welbon v. Sony Electrics, Inc.*, 187 F.R.D. 576, 577 (E.D. Wis. 1999) (even stipulated protective orders require good cause showing), and a specific showing of good cause or compelling reasons with proper evidentiary support and legal justification, must be made with respect to Protected Material that a party seeks to file under seal. The parties' mere designation of Disclosure or Discovery Material as CONFIDENTIAL or HIGHLY CONFIDENTIAL does not— without the submission of competent evidence by declaration, establishing that the material sought to be filed under seal qualifies as confidential, privileged, or otherwise protectable—constitute good cause.

Further, if a party requests sealing related to a dispositive motion or trial, then compelling reasons, not only good cause, for the sealing must be shown, and the relief sought shall be narrowly tailored to serve the specific interest to be protected. *See Pintos v. Pacific Creditors Ass'n*, 605 F.3d 665, 677-79 (9th Cir. 2010). For each item or type of information, document, or thing sought to be filed or introduced under seal, the party seeking protection must articulate compelling reasons, supported by specific facts and legal justification, for the requested sealing order. Again, competent evidence supporting the application to file documents under seal must be provided by declaration.

Any document that is not confidential, privileged, or otherwise protectable in its entirety will not be filed under seal if the confidential portions can be redacted. If documents can be redacted, then a redacted version for public viewing, omitting only the confidential, privileged, or otherwise protectable portions of the document, shall

be filed. Any application that seeks to file documents under seal in their entirety should include an explanation of why redaction is not feasible.

4. <u>DEFINITIONS</u>

4.1    Action: the instant, above-captioned federal lawsuit.

4.2    Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

4.3    "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

4.4    <u>"HIGHLY CONFIDENTIAL" Information or Items</u>: extremely sensitive "Confidential" Information or Items, disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means. This includes all Personally Identifiable Information as defined in paragraph 4.17 below.

4.5    Counsel: Outside Counsel of Record and House Counsel (as well as their support staff).

4.6    Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

4.7    Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery.

4.8    Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

4.9    House Counsel: attorneys who are employees of a party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

4.10    Non-Party: any natural person, partnership, corporation, association or other legal entity not named as a Party to this action.

4.11    Outside Counsel of Record: attorneys who are not employees of a party to this Action but are retained to represent a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm that has appeared on behalf of that party, and includes support staff.

4.12    Party: any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

4.13    Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

4.14    Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

4.15    Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

4.16    Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

4.17    Personally Identifiable Information: Any Disclosure or Discovery Material that Plaintiffs produce or disclose may contain information related to Plaintiffs that reveals private identifying information. Given the highly sensitive nature of this Action and the privacy interests involved, such information is defined broadly to include: (a) the names of the publicly pseudonymous Plaintiffs and their children; (b) any photos showing the publicly pseudonymous Plaintiffs and their

children; and (c) all personally identifying information from which the identities of the publicly pseudonymous Plaintiffs and their children could be derived with reasonable certainty, including but not limited to address, social security number, email address, phone number, date of birth, school attended, workplace, and relatives. Personally Identifiable Information also includes any Discovery Materials that any other Party may produce, which reveal the names of non-party students and/or their parents/guardians, any photos of them, and all other Personally Identifiable Information from which the identities of non-party students and/or their parents/guardians could be derived with reasonable certainty.

5.    SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

Any use of Protected Material at trial shall be governed by the orders of the trial judge and other applicable authorities. This Order does not govern the use of Protected Material at trial.

6.    DURATION

Once a case proceeds to trial, information that was designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL, or maintained pursuant to this protective order, and that is used or introduced as an exhibit at trial becomes public and will be presumptively available to all members of the public, including the press, unless compelling reasons supported by specific factual findings to proceed otherwise are made to the trial judge in advance of the trial. *See Kamakana*, 447 F.3d at 1180-81 (distinguishing "good cause" showing for sealing documents produced in discovery from "compelling reasons" standard when merits-related documents are part of court record). Accordingly, with respect to information or documents

introduced at trial, the terms of this protective order do not extend beyond the commencement of the trial. For information or documents not introduced at trial, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

7. **DESIGNATING PROTECTED MATERIAL**

7.1 <u>Exercise of Restraint and Care in Designating Material for Protection</u>.

Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items or oral or written communications that qualify so that other portions of the material, documents, items or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

7.2 <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order, or as otherwise stipulated or ordered, Disclosure of Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) <u>for information in documentary form</u> (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial

proceedings), that the Producing Party affix at a minimum, the legend "CONFIDENTIAL" (hereinafter "CONFIDENTIAL legend") or "HIGHLY CONFIDENTIAL" (hereinafter "HIGHLY CONFIDENTIAL legend"), to each page that contains protected material. If only a portion of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL legend" or "HIGHLY CONFIDENTIAL legend" to each page that contains Protected Material. If only a portion of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b) for testimony given in deposition, deposition testimony shall be reviewed by the parties within 21 days of receipt of the final transcript. The Designating Party shall have 21 days to designate specific portions as protected, after which time all undesignated portions will be deemed non-confidential. The identity of the deponent shall not be withheld from the defendants, and no blanket designations of deposition testimony will be permitted. Over-designation of material not properly subject to protection may subject the Designating Party to sanctions, as provided above.

Parties shall give the other parties notice if they reasonably expect a deposition, hearing or other proceeding to include Protected Material so that the other parties can ensure that only authorized individuals who have signed the "Acknowledgment and

Agreement to Be Bound" (Exhibit A) are present at those proceedings. The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by the Designating Party. The Designating Party shall inform the court reporter of these requirements. Any transcript that is prepared before the expiration of a 21-day period for designation shall be treated during that period as if it had been designated "HIGHLY CONFIDENTIAL" in its entirety unless otherwise agreed. After the expiration of that period, the transcript shall be treated only as actually designated.

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."  If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

7.3    Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

8.    REDACTING PERSONALLY IDENTIFIABLE INFORMATION.

8.1    Redactions from Discovery or Disclosure. In addition to designating Disclosure or Discovery Material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" in accordance with this Order, the Producing Party may redact

specific portions of documents that contain sensitive personal data that, if disclosed, could cause substantial harm to an individual's privacy interests. Such redactions must be narrowly tailored and justified on a case-by-case basis. With respect to the redaction of the pseudonymous Plaintiffs' identities, the redaction must be done with a replacement of the name with the pseudonymous identity using the number-letter pseudonym convention (using "1A," "1C," etc.). With respect to any other redactions, the Producing Party must provide a log of all redactions, including a description of the redacted content and the basis for its confidentiality designation. The Receiving Party may challenge any redaction by following the procedures outlined in Section 9 of this Order.

8.2    <u>Redactions from Depositions</u>. The depositions of the publicly pseudonymous Plaintiffs will be taken using their true identities and those of their family members. The parties will request that the court reporter, following the deposition, replace the names of the pseudonymous Plaintiffs and all family members with their pseudonymous identities. If this is not feasible, the parties agree that those identities will be redacted and replaced with their pseudonyms before any party files that portion of the deposition transcript with the Court. The parties also agree to redact any Personally Identifiable Information using the designation "Personally Identifiable Information" or "PII."

8.3    <u>Redactions from Court Materials</u>. If during or in connection with any motion, proceeding, or trial, any of the parties intends to offer into evidence any documents, exhibits, testimony, or other materials that contain any Personally Identifiable Information, the Personally Identifiable Information shall be redacted from the public filing. With respect to the redaction of the pseudonymous Plaintiffs' identities, the redaction must be done with a replacement of the name with the pseudonymous identity using the number-letter pseudonym convention (using "1A," "1C," etc.). Personally Identifiable Information must be redacted using the designation "Personally Identifying Information" or "PII."

9.       <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

9.1.    <u>Timing of Challenges</u>. Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

9.2    <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute resolution process under Local Rule 37-1 et seq.

9.3    <u>Joint Stipulation</u>. Any challenge submitted to the Court shall be via a joint stipulation pursuant to Local Rule 37-2.

9.4    The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

10.      <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>

10.1    <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of section 17 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

10.2    <u>Disclosure of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing

by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the court and its personnel;

(e) court reporters and their staff; and with respect to "HIGHLY CONFIDENTIAL" information or items, to court reporters and their staff where disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f) professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information, including, but not limited to, non-parties to whom subpoenas are issued using the legal numbers of the pseudonymous parties, as set forth in paragraph 11 below.

(h) during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (1) the deposing party requests that the witness sign the "Acknowledgment and Agreement to Be Bound" form attached as Exhibit A hereto; and (2) they will not be permitted to keep any confidential information unless they sign Exhibit A, unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition

testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(i) any mediators or settlement officers and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions, who sign Exhibit A.

11.    PROCEDURES APPLICABLE TO SUBPOENAS ISSUED IN THIS ACTION

11.1    Procedures for Disclosure of "HIGHLY CONFIDENTIAL" Information or Items to Non-Party School Districts and/or Schools Receiving Subpoenas for Student Records.

(a) Defendants will provide consent forms that allow for the release of the education records of the children of the publicly pseudonymous Plaintiffs. Within 10 days of receipt of the release forms, Plaintiffs will execute the forms and send the signed versions to Defendants.

(b) When serving a subpoena on the students' current and/or former school(s) and/or school district(s), Defendants shall: (1) include a cover letter informing the non-party district or school receiving the subpoena that material or information included in and requested by the subpoena is Protected Material that may not be further disclosed, (2) attach the executed release(s) by Plaintiffs, (3) attach the executed protective order, and (4) request that the custodian(s) of record for the school(s) and/or school district(s) execute Exhibit A.

(c) Documents containing names and/or Personally Identifiable Information produced by non-party schools and school districts shall be marked "HIGHLY CONFIDENTIAL."

11.2    Procedures for Approving or Objecting to Disclosure of "HIGHLY CONFIDENTIAL" Information or Items to Non-Parties, other than School Districts and/or Schools, Receiving Subpoenas for Student Records.

      (a) Unless otherwise ordered by the court or agreed to in writing by the Designating Party, before disclosing "HIGHLY CONFIDENTIAL" materials to any non-party via a subpoena, other than the districts and schools which the children of the pseudonymous plaintiffs have attended, the party seeking to disclose must provide the Designating Party with a copy of the draft subpoena. The subpoena shall attach this protective order and include a cover letter informing the non-party being subpoenaed that material listed in the subpoena is Protected Material that may not be further disclosed.

      (b) A Party that makes a request and provides the information specified in the preceding paragraphs may issue the subpoena referencing the Protected Material unless, within 7 days of delivering the draft subpoena, the Party receives a written objection from the Designating Party. Any written objection must be made in good faith and based on specific concerns regarding risks to confidentiality. Vague objections will not suffice.

      (c) If the Designating Party objects to the disclosure, the parties must promptly meet and confer such that, if they are unable to resolve the matter, the Party seeking to issue the subpoena may file a motion seeking permission from the court to do so within 7 days of the objection. Any such motion must describe the circumstances with specificity, set forth in detail the reasons why issuance of the subpoena is reasonably necessary, assess the risk of harm that the disclosure would entail, and suggest any additional means that could be used to reduce that risk. In addition, any such motion must be accompanied by a competent declaration describing the parties' efforts to resolve the matter by agreement (i.e., the extent and the content of the meet and confer discussions) and setting forth the reasons advanced by the Designating Party for its refusal to approve the disclosure.

      (d) In any such proceeding, the Party opposing issuance of the subpoena shall bear the burden of proving that the risk of harm that the disclosure would entail

1  (under the safeguards proposed) outweighs the Receiving Party's need to issue the

2  subpoena.

3        12.    PROTECTED   MATERIAL   SUBPOENAED   OR   ORDERED

4                PRODUCED IN OTHER LITIGATION

5        If a Party is served with a subpoena or a court order issued in other litigation

6  that compels disclosure of any information or items designated in this Action as

7  "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL" that Party must:

8        (a) promptly notify in writing the Designating Party. Such notification

9  shall include a copy of the subpoena or court order;

10        (b) promptly notify in writing the party who caused the subpoena or

11  order to issue in the other litigation that some or all of the material covered by the

12  subpoena or order is subject to this Protective Order. Such notification shall include

13  a copy of this Stipulated Protective Order; and

14        (c) cooperate with respect to all reasonable procedures sought to be

15  pursued by the Designating Party whose Protected Material may be affected. If the

16  Designating Party timely seeks a protective order, the Party served with the subpoena

17  or court order shall not produce any information designated in this action as

18  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" before a determination by the

19  court from which the subpoena or order issued, unless the Party has obtained the

20  Designating Party's permission. The Designating Party shall bear the burden and

21  expense of seeking protection in that court of its confidential material and nothing in

22  these provisions should be construed as authorizing or encouraging a Receiving Party

23  in this Action to disobey a lawful directive from another court.

24        13.    A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE

25                PRODUCED IN THIS LITIGATION

26        (a) The terms of this Order are applicable to information produced by a

27  Non-Party in this Action and designated as "CONFIDENTIAL" or "HIGHLY

28  CONFIDENTIAL."  Such information produced by Non-Parties in connection with

this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2) promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3) make the information requested available for inspection by the Non-Party, if requested.

(c) If the Non-Party fails to seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

14.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts

1    to retrieve all unauthorized copies of the Protected Material, (c) inform the person or

2    persons to whom unauthorized disclosures were made of all the terms of this Order,

3    and (d) request such person or persons to execute the "Acknowledgment an

4    Agreement to Be Bound" attached hereto as Exhibit A.

5         15.    INADVERTENT    PRODUCTION    OF    PRIVILEGED    OR

6              OTHERWISE PROTECTED MATERIAL

7         When a Producing Party gives notice to Receiving Parties that certain

8    inadvertently produced material is subject to a claim of privilege or other protection,

9    the obligations of the Receiving Parties are those set forth in Federal Rule of Civil

10   Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure

11   may be established in an e-discovery order that provides for production without prior

12   privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the

13   parties reach an agreement on the effect of disclosure of a communication or

14   information covered by the attorney-client privilege or work product protection, the

15   parties may incorporate their agreement in the stipulated protective order submitted

16   to the court.

17        16.    MISCELLANEOUS

18        16.1    Right to Further Relief. Nothing in this Order abridges the right of any

19   person to seek its modification by the Court in the future.

20        16.2    Right to Assert Other Objections. By stipulating to the entry of this

21   Protective Order, no Party waives any right it otherwise would have to object to

22   disclosing or producing any information or item on any ground not addressed in this

23   Stipulated Protective Order. Similarly, no Party waives any right to object on any

24   ground to use in evidence of any of the material covered by this Protective Order.

25        16.3 Filing Protected Material. A Party that seeks to file under seal any

26   Protected Material must comply with Local Civil Rule 79-5. Protected Material may

27   only be filed under seal pursuant to a court order authorizing the sealing of the

28   specific Protected Material. If a Party's request to file Protected Material under seal

is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.

17.   FINAL DISPOSITION

After the final disposition of this Action, as defined in paragraph 6, within 60 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 6 (DURATION).

18.   VIOLATION

Any violation of this Order may be punished by appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED: January 20, 2025             */s/ Gene C. Schaerr*
                                    Gene C. Schaerr

                                    *Counsel for Plaintiffs*


DATED: January 20, 2025             */s/ Jennifer A. Bunshoft*
                                    Jennifer A. Bunshoft

                                    *Counsel for Defendants*


### Attestation of E-Filed Signature

      I, Gene C. Schaerr, am the ECF user whose ID and password are being used to file this Stipulation. Pursuant to C.D. Cal. L.R. 5-4.3.4, I attest that all other signatories listed, and on whose behalf the present filing is submitted, concur in the filing's contents and have authorized the filing.


DATED: January 20, 2025             */s/ Gene C. Schaerr*
                                    Gene C. Schaerr



FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.


DATED: _____


                            _____
                                    JOHN D. EARLY
                                    United States Magistrate Judge

## EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on [date] in the case of *City of Huntington Beach, et al. v. Newsom, et al.*, Case No.: 8:24-cv-02017-CBM (JDEx).

I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____ City and State where sworn and signed:_____

Printed name: _____

Signature: _____