UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CITY OF HUNTINGTON BEACH, a California Charter City, and Municipal Corporation; PARENTS 1A-9A, et al., <br><br> Plaintiffs, <br><br> v. <br><br> GAVIN NEWSOM, in his official capacity as Governor of the State of California, et al., <br><br> Defendants. | Case No.: 8:24-cv-02017-CBM (JDEx) <br><br> **[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION** <br><br> Date: June 10, 2025 <br> Time: 10:00 a.m. <br> Courtroom: 8D <br> Judge: Hon. Consuelo B. Marshall <br> Trial Date: N/A <br> Action Filed: 9/17/24 |

    On March 26, 2025, Plaintiffs City of Huntington Beach and Parents 1A through 10A (together, "Plaintiffs") filed a Motion for Preliminary Injunction (the "Motion") blocking enforcement of those portions of AB 1955 Sections 5 & 6, Cal. Educ. Code §§ 220.3 & 220.5, that apply to "gender identity" or "gender expression" (together, the "Challenged Provisions"), beginning with the 2025-2026 school year, until this Court has an opportunity to issue a final judgment on the merits.

    The Court has subject-matter jurisdiction to issue a preliminary injunction because Plaintiffs have sufficiently alleged each element of Article III standing: that

they have (1) an injury-in-fact, (2) that is fairly traceable to the Challenged Provisions, and (3) redressable by a favorable ruling. *See Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016). Parent Plaintiffs show these elements through their allegations that the Challenged Provisions override their parental rights, damage their relationships with their children, and increase the risks that they will be kept in the dark regarding critical information about—and excluded from treatment decisions for—their children. First Am. Compl. ("FAC") ¶¶ 27, 48–50, 62–64, 80, 86, 103–04, 109–10, 122–25, 146, 166–69, 185–86, 198 (Dkt. 52). The City of Huntington Beach, in turn, has third-party associational standing on behalf of its resident parents, such as Parent 10A. *See, e.g., City of Stamps v. Alcoa, Inc.*, No. 05-1049, 2006 WL 2254406, at *5–6 (W.D. Ark. Aug. 7, 2006) (a city may establish associational standing on behalf of its residents).

Having satisfied itself that it has subject-matter jurisdiction, the Court further finds that a preliminary injunction is warranted because (1) Plaintiffs are likely to succeed on the merits of their claims that the Challenged Provisions violate parents' substantive due process rights; (2) Plaintiffs are likely to suffer irreparable harm absent this relief, and (3) the balance of equities and public interest favor Plaintiffs. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

Specifically, Plaintiffs have demonstrated that they are likely to succeed on the merits of their claims that the Challenged Provisions violate the rights of Parent Plaintiffs to "direct the upbringing and education" of their children, *Pierce v. Soc'y of Sisters*, 268 U.S. 510, 534–35 (1925), by unconstitutionally interfering with Parent Plaintiffs' rights to (1) "be accurately informed by public school teachers about their student's gender incongruity that could progress to gender dysphoria, depression, or suicidal ideation," *Mirabelli v. Olson*, – F.Supp.3d –, 2025 WL 42507, at *10 (S.D. Cal. Jan. 7, 2025), and (2) direct the medical care and treatment of their children. *See Mann v. County of San Diego*, 907 F.3d 1154, 1162 (9th Cir. 2018). Parent Plaintiffs also are likely to succeed on the merits of their claims that the

2

Challenged Provisions impose unconstitutional conditions on Parent Plaintiffs by forcing them to choose between the benefit of sending their children to public school and the fundamental parental rights set forth above. *See Stavrianoudakis v. U. S. Fish & Wildlife Serv.*, 108 F.4th 1128, 1137 (9th Cir. 2024) (government imposes an unconstitutional condition when it pressures a plaintiff into "forfeiting a constitutional right in exchange for a benefit"). The City, in turn, is likely to succeed on its declaratory judgment claim because the Challenged Provisions unconstitutional infringe the fundamental parental rights set forth above.

Plaintiffs have also shown that the Challenged Provisions are facially unconstitutional because they are "unconstitutional in all [their] applications." *Bucklew v. Precythe*, 587 U.S. 119, 138 (2019). Because "[t]he proper focus of the constitutional inquiry is the group for whom the law is a restriction, not the group for whom the law is irrelevant," *Planned Parenthood v. Casey*, 505 U.S. 833, 894 (1992), *overruled on other grounds by Dobbs v. Jackson Women's Health Org.*, 597 U.S. 215 (2022), the Challenged Provisions are not saved by the possibility that some teachers or children may choose to disclose critical information to parents or may allow parents to participate in the medical decision-making process.

The Court is also satisfied that the Challenged Provisions do not survive strict scrutiny, as the government likely cannot meet its burden to show that "restrictions on the plaintiff's protected rights serve a compelling interest and are narrowly tailored to that end." *Waln v. Dysart Sch. Dist.*, 54 F.4th 1152, 1163 (9th Cir. 2022) (quoting *Kennedy v. Bremerton Sch. Dist.*, 597 U.S. 507, 509 (2022)). The burdens are imposed on fundamental parental rights, but the interests proffered by Defendants relate to the school environment, and there are obvious alternatives that would not raise such serious constitutional concerns.

Parent Plaintiffs have also shown that they are likely to suffer irreparable harm absent preliminary injunctive relief, because "the deprivation of constitutional rights 'unquestionably constitutes irreparable injury,'" *Melendres v. Arpaio*, 695 F.3d 990,

1002 (9th Cir. 2012) (quoting *Elrod v. Burns*, 427 U.S. 347, 373 (1976)), and the constitutional right of parents to direct the upbringing of their children "is perhaps the oldest of the fundamental liberty interests recognized by" the Supreme Court. *Troxel v. Granville*, 530 U.S. 57, 65 (2000) (plurality opinion) (collecting cases). Parent Plaintiffs have also demonstrated through their declarations how each is likely to suffer irreparable harm from the Challenged Provisions. *See* Declarations of Parent Plaintiffs.

Finally, the balance of the equities and the public interest favor granting a preliminary injunction to Plaintiffs. "[I]t is always in the public interest to prevent the violation of a party's constitutional rights." *Doe v. Horne*, 115 F.4th 1083, 1098–99 (9th Cir. 2024), *cert. petition docketed sub nom. Peterson v. Doe*, No. 24-449 (Oct. 22, 2024). A preliminary injunction would "serve[] the interests of the general public by ensuring that" Defendants "comply with the Constitution." *Hernandez v. Sessions*, 872 F.3d 976, 996 (9th Cir. 2017).

For the reasons set forth above, the Court hereby:

GRANTS the Motion, and ORDERS that the Defendants are hereby preliminarily enjoined from enforcing the provisions of AB 1955 Sections 5 & 6, Cal. Educ. Code §§ 220.3 & 220.5, applicable to "gender identity" or "gender expression," beginning with the 2025-2026 school year, and the City of Huntington Beach may enforce Ordinance No. 4326.

IT IS SO ORDERED.

Dated: _____        _____
                                            Hon. Consuelo B. Marshall
                                            United States District Judge