ROB BONTA
Attorney General of California
DARRELL W. SPENCE (SBN 248011)
Supervising Deputy Attorney General
JENNIFER A. BUNSHOFT
Deputy Attorney General (SBN 197306)
1300 I Street, Suite 125
P.O. Box 944255
Sacramento, CA 94244-2550
Telephone: (916) 210-6089
Fax: (916) 324-5567
E-mail: Darrell.Spence@doj.ca.gov
*Attorneys for Defendants*

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **CITY OF HUNTINGTON BEACH, a California Charter City, and Municipal Corporation, PARENTS 1A-9A,**<br><br>Plaintiffs,<br><br>**v.**<br><br>**GAVIN NEWSOM, in his official capacity as Governor of the State of California; ROBERT BONTA, in his official capacity as Attorney General of the State of California; and TONY THURMOND, in his official capacity as California State Superintendent of Public Instruction,**<br><br>Defendants. | 8:24-cv-02017 CBM (JDEx)<br><br>**OPPOSITION TO PLAINTIFFS' APPLICATION TO EXTEND TIME TO FILE REPLY**<br><br>Courtroom: 8D<br>Judge: The Honorable Consuelo B. Marshall<br>Trial Date: N/A<br>Action Filed: 9/17/2024 |

## INTRODUCTION

Having previously negotiated 15 days to draft their reply in support of their motion for preliminary injunction, Plaintiffs now request that the Court grant them an extra week to give their experts more time to respond to non-expert declarations

submitted by Defendants. For the reasons set forth below, Plaintiffs lack good cause for the requested extension, and granting it will prejudice Defendants. Defendants, therefore, request that the Court deny Plaintiffs' application.

**RELEVANT FACTS**

Plaintiffs filed this challenge to Assembly Bill No. 1955 on September 17, 2024. Declaration of Darrell Spence (Spence Decl.), ¶ 4; ECF 1. As early as November 5, 2024, Plaintiffs' counsel informed Defendants' counsel that they intended to file a motion for preliminary injunction to enjoin AB 1955. Spence Decl., ¶ 5. Defendants assumed that the motion would be brought sometime before January 1, 2025, as that was the date that AB 1955 became effective. *Id*. ¶ 5. Counsel continued to discuss the timing for the anticipated preliminary injunction motion that Plaintiffs were working on, and Plaintiffs continued to indicate that they were still working on it. *Id*. ¶ 6.

Finally, on March 19, 2025, Plaintiffs informed Defendants that they would be filing the preliminary injunction motion shortly. The parties negotiated a stipulated briefing schedule and hearing date for the motion. *Id.* ¶ 7. Defendants specifically requested that the hearing take place two weeks after the deadline to file the reply, to give the Court adequate time to review the parties' preliminary injunction papers, which were anticipated to be extensive. *Id*. The terms of the stipulation were that Plaintiffs would file their motion March 26, 2025; Defendants' opposition to Plaintiffs' motion would be filed on or before May 12, 2025; and Plaintiffs' reply to Defendants' opposition would be filed on or before May 27, 2025, 15 days later. The parties agreed to a hearing date of June 10, 2025, two weeks after the reply was due. *Id*. ¶¶ 7, 8, Ex. 1.

The Court issued an order granting the parties' stipulated briefing schedule and hearing date. ECF 75. Plaintiffs filed their voluminous moving papers in support of their motion on March 26, 2025. Spence Decl., ¶ 10. Along with the

memorandum of points and authorities, Plaintiffs filed 15 declarations in support of the motion. Three of the declarations are from Plaintiffs' retained experts. *Id*. Given the voluminous moving papers, it appeared that Plaintiffs had been working on their motion for a long time prior to filing it. *Id*. ¶ 11.

Defendants' counsel worked long hours, late nights and weekends to prepare the opposition papers, and considered the May 12 deadline to file the opposition papers to be non-negotiable in order to meet the June 10 hearing date. *Id*. Just before midnight on May 12, 2025, Defendants filed their opposition to Plaintiffs' preliminary injunction motion by the deadline agreed upon by the parties and ordered by the Court. *Id*. ¶ 12; ECF 86.

The next day (May 13), Plaintiffs' counsel requested an extension of time to file their reply brief from May 27 to June 24. The requested extension would give Plaintiffs 43 days to file their reply brief—as Defendants filed their opposition brief on May 12—instead of the 15 days to which the parties previously stipulated. Plaintiffs desired the lengthy extension so that Plaintiffs' experts would have more time to evaluate and rebut the opposition papers. Plaintiffs also requested a continuance of the hearing date on Plaintiffs' motion from June 10 to July 8 or 15. Spence Decl., ¶ 13; Ex. 3.

While evaluating the request, Defendants' counsel considered that the reason for the extension was not due to some unforeseeable circumstance, health issue, or family issue. Rather, it appeared the reason for the request was so that Plaintiffs' experts would have more time to evaluate the opposition papers. *Id*. ¶ 14. The following day, on May 14, 2025, Defendants' counsel wrote to Plaintiffs' counsel to express that the requested extension is unreasonably long, and would unfairly prejudice Defendants. *Id*. ¶ 15. They explained that Defendants' counsel had reviewed their calendars, and based on deadlines in their other cases and their vacation schedules, their summer was going to be greatly impacted, so they could not agree to continue the scheduled hearing date. However, because Monday, May

26 was Memorial Day, Defendants expressed their willingness to stipulate to give Plaintiffs an extra day, until May 28, to file their reply, without continuing the June 10 hearing date. That would give Plaintiffs 16 days to file their reply. *Id.* ¶ 16.

Plaintiffs' counsel responded the following day, May 15, 2025, stating that "[o]ne day will not be sufficient, but we understand that rescheduling the hearing may be challenging give the various commitments on both sides. We propose as a compromise that we leave the hearing in place, but extend our time to file reply papers to June 3, the typical week before the hearing." *Id.* ¶ 17, Ex. 3.

Later that day, Defendants' counsel responded that Plaintiffs' latest proposal still was not acceptable. Defendants expect that the Court will need more than one week to digest all of the papers, so agreeing to allow Plaintiffs to file their papers a week before the hearing will likely cause the hearing date to be moved, on the Court's own motion, to a date beyond June 10, 2025. That would be problematic for Defendants' counsel, given their previously explained heavily impacted summer schedules. *Id.* ¶ 18.

Defendants' counsel also expressed that, even if the hearing date were not an issue, it would be unfair to their clients to provide Plaintiffs with additional time beyond what the parties have already stipulated to.[1] *Id.* ¶ 19. Defendants' counsel also stated that 15 days seems to be an appropriate amount of time to prepare a reply brief, since adding new evidence on reply would be wholly improper, and noted that if Plaintiffs intend to submit additional evidence on reply, Defendants would object to that. *Id.* ¶ 20. Based on these reasons, Defendants' counsel explained that Defendants could not agree to extend the deadline for Plaintiffs' reply from May 27, 2025, to June 3, 2025, but reiterated that Defendants would agree to extend the due date to May 28, 2025, as a courtesy to account for Memorial Day. *Id.* ¶ 21, Ex. 3.

---

[1] Defendants certainly would have benefitted from having an additional week to prepare their opposition papers (they filed their opposition 19 minutes before the deadline). *Id.*

Plaintiffs' state in their Application that Plaintiffs are "not requesting, but do not oppose," a continuance of the hearing scheduled for June 10, 2025, and that their next availability for a hearing on a Tuesday is July 8 or 15, 2025. ECF 90 at 2-3. Defendants' counsel are not available for a hearing on July 8, 2025. A hearing on July 15, 2025, would be challenging for Defendants' counsel because they have a summary judgment filing deadline the following day in another matter. Spence Decl., ¶ 22.

**ARGUMENT**

Plaintiffs have not established good cause for their requested extension of the deadline to file their reply brief. Plaintiffs' reason for a one-week extension is that Defendants submitted five non-expert declarations that allegedly "offer opinion testimony on several topics that are properly the subject of expert testimony and may require expert response," and that two of Plaintiffs' three experts, Dr. Levine and Dr. Grossman "have limited availability through May 27, 2025, and did not anticipate the potential need to respond to the opinion testimony offered by Defendants' five non-expert witnesses." ECF 90 at 3-4. Yet Plaintiffs do not identify why testimony by Defendants' five percipient witnesses, whose declarations are based on personal knowledge gained through their own experiences, would require expert opinion in response.

Plaintiffs also note that Defendants had 47 days to prepare their opposition to the motion. ECF 90 at 3. But it appears Plaintiffs had been preparing their voluminous motion papers for far longer than that. They first advised Defendants in early November 2024 that they were planning to file a preliminary injunction motion, noted in late 2024 that they were not ready to file it yet, and ultimately filed it on March 26, 2025. Spence Decl., ¶¶ 10. 11.

Moreover, replies are meant to be short, and prepared in far less time than moving and opposition papers. Notably, while memoranda of points and authorities in support of or in opposition to motions shall not exceed twenty-five

pages, reply briefs are limited to only 10 pages. Standing Order of Judge Marshall, § 7.c. And fifteen days to prepare a reply in support of a preliminary injunction motion is more than twice as much time as is usually permitted. *See* L.R. 7-9, 7-10.

Additionally, 15 days seems to be an appropriate amount of time to prepare a reply brief, because submitting new evidence through supplemental expert declarations on reply would be wholly improper. Spence Decl, ¶ 20. It is unclear what additional expert opinions Plaintiffs intend to offer, but to the extent it constitutes new evidence, it should be rejected because appellants cannot submit new evidence for the first time in their reply briefs. *See, e.g.*, *Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996); *Zkey Investments, LLC v. Facebook Inc*., 225 F. Supp. 3d 1147, 1158 (C.D. Cal. 2016). Defendants anticipate that they would file a motion to object to any new evidence. Spence Decl., ¶ 20.

Plaintiffs' request to file their reply on June 2, 2025, should be denied for the additional reason that, if granted, the Court will have only a week to review the voluminous filings in advance of the June 10, 2025, hearing. This very likely will result in the Court continuing the date because a single week is inadequate time for the Court to review the voluminous filings in advance of the hearing. In fact, the Local Rules require that reply papers be filed "not later than fourteen (14) days before the date designated for the hearing of the motion." L.R. 7-10. When negotiating the stipulated briefing schedule and hearing date for the preliminary injunction motion, Defendants specifically anticipated that two weeks would be needed for the Court to review the extensive papers, and the parties' stipulation requires the reply to be filed two weeks before the hearing date. Spence Decl., ¶¶ 7, 8, Ex. 1.

Thus, in declining to stipulate to Plaintiffs' requested extension, Defendants explained their expectation that agreeing to a one-week continuance would very likely cause the hearing to be continued, on the judge's own motion, to a date beyond June 10, 2025. That would be problematic for Defendants' counsel because

based on deadlines in their other cases and their vacation schedules, their summer will be greatly impacted. *Id*. ¶¶ 16, 18, 22.[2]

**CONCLUSION**

For these reasons, Defendants request that the Court deny Plaintiffs' application for a one-week extension to June 3, 2025, and instead grant Plaintiffs the one-day continuance to May 27, 2025 that Defendants offered.

Dated: May 20, 2025

Respectfully submitted,

ROB BONTA
Attorney General of California

*/s/ Darrell W. Spence*

DARRELL W. SPENCE
Supervising Deputy Attorney General

*Attorneys for Defendants*

SA2024304292
39035306.docx

[2] Plaintiffs state that they are "not requesting, but do not oppose," a continuance of the hearing scheduled for June 10, 2025, and that their next availability for a hearing on a Tuesday is July 8 or 15, 2025. ECF 90 at 2-3. Defendants' counsel are not available for a hearing on July 8, 2025. A hearing on July 15, 2025, would be challenging for Defendants' counsel because they have a summary judgment filing deadline the following day in another matter. Spence Decl., ¶ 22. In the event the Court grants the one-week extension, and continues the hearing, Defendants request that the parties meet and confer on a new hearing date that will not prejudice Defendants.

# CERTIFICATE OF SERVICE

Case Name: **City of Huntington Beach v Newsom, et al.** No. **8:24-cv-02017 CBM (JDEx)**

I hereby certify that on May 20, 2025, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

OPPOSITION TO PLAINTIFFS' APPLICATION TO EXTEND TIME TO FILE REPLY

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on May 20, 2025, at Sacramento, California.

| Christopher R. Irby | *S/ Christopher R. Irby* |
| --- | --- |
| Declarant | Signature |

SA2024304292
AG Cert of Service CM ECF no paper filers.docx