1 | Michael J. Vigliotta (SBN 207630)
2 |   City Attorney
    OFFICE OF THE CITY ATTORNEY
3 | 2000 Main Street, P.O. Box 190
4 | Huntington Beach, CA 92648
    (714) 536-5555
5 | mvigliotta@surfcity-hb.org
6 | *Counsel for Plaintiff City of Huntington Beach,*
    *a California Charter City, and Municipal Corporation*
7 |
8 | Donald M. Falk (SBN 150256)
    SCHAERR | JAFFE LLP
9 | Four Embarcadero Center, Suite 1400
10 | San Francisco, CA 94111
    (415) 562-4942
11 | dfalk@schaerr-jaffe.com
12 |
13 | Gene C. Schaerr (*pro hac vice*)
    Stephanie L. Freudenberg (*pro hac vice*)
14 | Justin A. Miller (*pro hac vice*)
    Aaron C. Ward (*pro hac vice*)
15 | SCHAERR | JAFFE LLP
16 | 1717 K Street NW, Suite 900
    Washington, DC 20006
17 | (202) 787-1060
18 | gschaerr@schaerr-jaffe.com
    sfreudenberg@schaerr-jaffe.com
19 | jmiller@schaerr-jaffe.com
20 | award@schaerr-jaffe.com

21 | Nicholas Barry (*pro hac vice*)
22 | Ian Prior (*pro hac vice*)
    AMERICA FIRST LEGAL FOUNDATION
23 | 611 Pennsylvania Ave. S.E., #231
24 | Washington, DC 20003
    (202) 964-3721
25 | nicholas.barry@aflegal.org
26 | ian.prior@aflegal.org

27 | *Counsel for Plaintiffs City of Huntington Beach, a California*
28 | *Charter City, and Municipal Corporation; and Parents 1A-10A*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CITY OF HUNTINGTON BEACH, a California Charter City, and Municipal Corporation, PARENTS 1A-9A, et al., <br><br> Plaintiffs, <br><br> v. <br><br> GAVIN NEWSOM, in his official capacity as Governor of the State of California; ROBERT BONTA, in his official capacity as Attorney General of the State of California; and TONY THURMOND, in his official capacity as California State Superintendent of Public Instruction, <br><br> Defendants. | Case No.: 8:24-cv-02017-CBM (JDEx) <br><br> **PLAINTIFFS' OBJECTIONS TO DECLARATION OF TERRA RUSSELL-SLAVIN, ESQ. FILED IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION** <br><br> Date: June 10, 2025 <br> Time: 10:00 a.m. <br> Courtroom: 8D <br> Judge: Hon. Consuelo B. Marshall <br> Trial Date: N/A <br> Action Filed: September 17, 2024 |

Plaintiffs submit the following objection(s) to the declaration of Terra Russell-Slavin, Esq. (Doc. 86-3), filed in support of Defendants' Opposition (Doc. 86) to Plaintiffs' Motion for Preliminary Injunction (Doc. 73).

At the threshold, a significant part of this declaration is improper expert opinion submitted by a lay witness that should be excluded under Federal Rule of Evidence 702 and *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993). District courts have a "gatekeeping role" to exclude expert witness testimony that is not "relevant and reliable." *United States v. Valencia-Lopez*, 971 F.3d 891, 898 (9th Cir. 2020) (citation omitted). When a party challenges "testimony's factual basis, data, principles, methods, or their application[,] … the trial judge must determine whether the testimony has 'a reliable basis in the knowledge and experience of [the relevant] discipline.'" *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 149 (1999) (quoting *Daubert*, 509 U.S. at 592).

Defendants have explicitly disclaimed offering Ms. Russell-Slavin as an expert witness, *see* Doc. 91 at 5, thereby conceding that she does not possess the "scientific, technical, or other specialized knowledge" required to render expert opinions. *See* Fed. R. Evid. 702. Nonetheless, her declaration is replete with expert-style assertions concerning psychological and emotional trauma, sociological impacts, statistical causation, and empirical assessments of outcomes for LGBTQ+ youth. She offers conclusions about clinical mental health consequences, behavioral patterns, housing insecurity, substance abuse, and systemic educational and social outcomes—none of which are grounded in disclosed research methods or supported by qualifications in psychology, sociology, public health, or a related discipline.

Consistent with Defendants' disavowal of expert designation, they identify no area of expertise in which Ms. Russell-Slavin is competent to analyze data, interpret clinical consequences, or provide empirical generalizations. Her declaration instead attempts to circumvent Rule 702 by introducing expert opinions through anecdotal summaries, organizational generalizations, and narrative gloss. That is not

permitted. *See* Fed. R. Evid. 702 (requiring that expert testimony be based on "sufficient facts or data" and "reliable principles and methods," and that the expert "reliably applied the principles and methods to the facts of the case").

The absence of any identified field of specialized knowledge is not a minor technical flaw—it renders inadmissible the entire structure of causative and statistical assertions presented in her testimony. *See, e.g.*, *Valencia-Lopez*, 971 F.3d at 898–900 (excluding expert opinion where the witness "failed to link his general expertise" to case-specific conclusions and disclosed no methodology).

Accordingly, Plaintiffs object to all portions of the declaration that purport to:

- interpret data, assess systemic psychological or behavioral impacts, attribute clinical consequences to policy conditions, or assert generalizations about LGBTQ+ youth experiences,
- interpret or extrapolate from scientific or social science data,
- diagnose or attribute psychological conditions or outcomes,
- generalize the behavior or motivations of parents, students, or schools,
- deduce broad trends from anecdotal "case studies," or
- offer policy predictions concerning the effects of legislation or school policies.

Whether styled as personal experience, third-party reporting, or organizational knowledge, such assertions are inadmissible without expert qualification and methodology. Russell-Slavin may testify, if at all, only to facts personally observed and rationally within the scope of lay perception. *See* Fed. R. Evid. 701, 702.

In addition, the term "forced outing" is also unduly prejudicial. *See* Fed R. Evid 403.

The following objections relate to specific testimony in the declaration:

| MATERIAL OBJECTED TO | PLAINTIFFS' OBJECTION(S) |
|---|---|
| **"Forced Outing Policies"**<br><br>Based on the Center's experience interacting with our client population, including hundreds of LGBTQ youth and older adults relaying their experiences as LGBTQ youth, "forced outing policies"—policies that require school staff to inform parents of students' gender identity or sexual orientation without the students' consent—can have various, often compounding adverse impacts on the lives of LGBTQ+ youth.<br><br>Declaration of Terra Russell-Slavin, ¶ 14.<br><br>In addition to adverse mental health consequences, forced outing may significantly diminish a TGNB youth's access to housing, physical security, and future prospects. In the Center's experience, outing a student without their consent can place them at greater risk of experiencing homelessness and physical violence.<br><br>*Id.* ¶ 18. *See also id.* ¶¶ 15, 17, 20. | Improper and irrelevant opinion testimony. Fed. R. Evid. 401, 402, 701, 702, 703. Lacks foundation. Fed. R. Evid. 602.<br><br>For the reasons set forth *supra* at 1–2, the declarant's opinions are improper as expert opinions offered by a non-expert. The declarant purports to rely on her general "experience" working at the Los Angeles LGBTQ Center (the "Center") to improperly draw inferences regarding the experiences of "LGBTQ youth" as a whole and to speculate about the potential impacts of hypothetical policies, including on mental health, substance abuse, homelessness, and other specialized topics. In addition, the declarant's opinions lack foundation, as she fails to distinguish between events she has personally witnessed, those relayed to her directly in her position working at the Center, and those relayed to her indirectly by colleagues or through written records kept by the Center, sweeping in inadmissible hearsay. For example, the declarant purports to testify "[b]ased on the Center's experience," rather than her personal experience, which is improper.<br><br>The opinions are also irrelevant to the extent the declarant purports to testify regarding the experiences of and impacts on gay, lesbian, bisexual, and other youth who do not identify as transgender or exhibit potential |

3

| | |
|---|---|
| | symptoms of gender dysphoria. *See* Fed. R. Evid. 401. |

| **MATERIAL OBJECTED TO** | **PLAINTIFFS' OBJECTION(S)** |
|---|---|
| **Interpreting Data, Surveys, & Studies**<br><br>With respect to transgender and nonbinary (TGNB) youth, and based on the Center's experience, there is a correlation between the level of family support and acceptance (or lack thereof) and mental health outcomes. For instance, multiple studies that we rely on in our daily work and use to implement our services show that TGNB youth with moderate or low levels of social support from their families have higher rates of suicidal ideation and actual suicide attempts. Similarly, a survey conducted by the Trevor Project reports that TGNB youth who are allowed to officially change the gender marker on their legal documents, or are afforded access to spaces (online, at school, and home) that affirm their gender identity, have significantly less likelihood of attempting suicide.<br><br>Russell-Slavin Decl. ¶ 16. *See also id.* ¶¶ 11, 19. | Improper and irrelevant opinion testimony. Fed. R. Evid. 401, 402, 701, 702, 703. Lacks foundation. Fed. R. Evid. 602.<br><br>For the reasons set forth *supra* at 1–2, the declarant's opinions are improper as expert opinions offered by a non-expert. The declarant purports to interpret data compiled by the Center, Russell-Slavin Decl. ¶ 11, to interpret unidentified "studies" and a survey conducted by The Trevor Project, *id.* ¶ 16, and to rely on the "Center's experience," *id.* ¶¶ 16, 19, to draw conclusions about causes of homelessness, negative mental health outcomes, suicidality, and criminality. These opinions by a lay witness are improper, in addition to being unreliable and lacking foundation (as she lacks personal knowledge of the underlying data). |

| | | |
|---|---|---|
| 1 | Dated: May 28, 2025 | Respectfully submitted, |
| 2 | | /s/ Gene C. Schaerr |
| 3 | | |
| 4 | | Michael J. Vigliotta (SBN 207630) |
| | | *City Attorney* |
| 5 | | OFFICE OF THE CITY ATTORNEY |
| 6 | | 2000 Main Street, P.O. Box 190 |
| | | Huntington Beach, CA 92648 |
| 7 | | (714) 536-5555 |
| 8 | | mvigliotta@surfcity-hb.org |
| 9 | | *Counsel for Plaintiff City of Huntington Beach, a California Charter City, and Municipal Corporation* |
| 10 | | |
| 11 | | |
| 12 | | Donald M. Falk (SBN 150256) |
| | | SCHAERR | JAFFE LLP |
| 13 | | Four Embarcadero Center, Suite 1400 |
| 14 | | San Francisco, CA 94111 |
| | | (415) 562-4942 |
| 15 | | dfalk@schaerr-jaffe.com |
| 16 | | Gene C. Schaerr (*pro hac vice*) |
| 17 | | Stephanie L. Freudenberg (*pro hac vice*) |
| | | Justin A. Miller (*pro hac vice*) |
| 18 | | Aaron C. Ward (*pro hac vice*) |
| 19 | | SCHAERR | JAFFE LLP |
| | | 1717 K Street NW, Suite 900 |
| 20 | | Washington, DC 20006 |
| 21 | | (202) 787-1060 |
| | | gschaerr@schaerr-jaffe.com |
| 22 | | sfreudenberg@schaerr-jaffe.com |
| 23 | | jmiller@schaerr-jaffe.com |
| | | award@schaerr-jaffe.com |
| 24 | | |
| 25 | | Nicholas Barry (*pro hac vice*) |
| | | Ian Prior (*pro hac vice*) |
| 26 | | AMERICA FIRST LEGAL FOUNDATION |
| 27 | | 611 Pennsylvania Ave. S.E., #231 |
| | | Washington, DC 20003 |
| 28 | | (202) 964-3721 |

nicholas.barry@aflegal.org
ian.prior@aflegal.org

*Counsel for Plaintiffs City of Huntington Beach, a California Charter City, and Municipal Corporation; and Parents 1A-10A*