1  ROB BONTA
   Attorney General of California
2  DARRELL W. SPENCE
   Supervising Deputy Attorney General
3  JENNIFER A. BUNSHOFT (SBN 197306)
   KEVIN L. QUADE (SBN 285197)
4  Deputy Attorney General
     1300 I Street, Suite 125
5    P.O. Box 944255
     Sacramento, CA 94244-2550
6    Telephone: (916) 210-7693
     Fax: (916) 324-8835
7    E-mail: Kevin.Quade@doj.ca.gov
   *Attorneys for Defendants*
8

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **CITY OF HUNTINGTON BEACH, a California Charter City, and Municipal Corporation, PARENTS 1A-9A,,** <br><br> Plaintiffs, <br><br> v. <br><br> **GAVIN NEWSOM, in his official capacity as Governor of the State of California; ROBERT BONTA, in his official capacity as Attorney General of the State of California; and TONY THURMOND, in his official capacity as California State Superintendent of Public Instruction,** <br><br> Defendants. | 8:24-cv-02017 CBM (JDEx) <br><br> **DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION PENDING APPEAL** <br><br> Date: July 29, 2025 <br> Time: 10:00 a.m. <br> Courtroom: 8D <br> Judge: The Honorable Consuelo B. Marshall <br> Trial Date: n/a <br> Action Filed: September 17, 2024 |

# TABLE OF CONTENTS

**Page**

Introduction ..........................................................................................................1
Argument .............................................................................................................2
    I.    This Court Lacks Jurisdiction to Issue the Requested Injunction ........2
    II.   The Factors for an Injunction Pending Appeal Have Not Been Met in Any Event ...............................................................................5
    III.  Plaintiffs' Requested Injunction is Drastically Overbroad ..................8
Conclusion ........................................................................................................10

# TABLE OF AUTHORITIES

Page

**CASES**

*Apache Stronghold v. United States*
  -- F.Supp.3d -- (D. Ariz. 2025) ................................................................. 5, 6

*Bd. of Sch. Comm'rs of City of Indianapolis v. Jacobs*
  420 U.S. 128 (1975) ............................................................................................ 9

*Cook v. Colgate Univ.*
  992 F.2d 17 (2d Cir. 1993) ................................................................................. 9

*Doe v. Madison Sch. Dist. No. 321*
  177 F.3d 789 (9th Cir. 1999) .............................................................................. 9

*Flynt Distributing Co., Inc. v. Harvey*
  127 F.2d 1389 (9th Cir. 1984) ............................................................................ 5

*Griggs v. Provident Consumer Disc. Co.*
  459 U.S. 56 (1982) .............................................................................................. 2

*Mahmoud v. Taylor*
  -- S.Ct. -- (U.S. June 27, 2025) ......................................................................... 7

*Mecinas v. Hobbs*
  2020 WL 13865449 (D. Ariz. July 10, 2020) ................................................... 4

*Nat. Res. Def. Council, Inc. v. Southwest Marine, Inc.*
  242 F.3d 1163 (9th Cir. 2001) ................................................................. 2, 3, 4, 5

*NetChoice v. Bonta*
  761 F. Supp. 3d 1202 (N.D. Cal. 2024) ............................................................. 7

*NetChoice v. Bonta*
  761 F. Supp. 3d 1232 (N.D. Cal. 2025) ................................................. 5, 6, 7, 8

*Oakland Trib., Inc. v. Chron. Pub. Co.*
  762 F.2d 1374 (9th Cir. 1985) ............................................................................ 8

*Performance Designed Products LLC v. Plantronics, Inc.*
  2019 WL 3082160 (S.D. Cal. July 15, 2019) .................................................... 3

# TABLE OF AUTHORITIES
## (continued)

**Page**

*Silvas v. G.E. Money Bank*
  449 F. App'x 641 (9th Cir. 2011) .................................................................. 3

*South Bay United Pentecostal Church v. Newsom*
  959 F.3d 938 (9th Cir. 2020) ........................................................................ 7

*United States v. El-O-Pathic Pharmacy*
  192 F.2d 62 (9th Cir. 1951) .......................................................................... 4

*United States v. Sadler*
  480 F.3d 932 (9th Cir. 2007) ........................................................................ 2

*Winter v. Natural Resources Defense Council, Inc.*
  555 U.S. 7 (2008) ......................................................................................... 7

**CONSTITUTIONAL PROVISIONS**

United States Constitution
  First Amendment .......................................................................................... 7
  Fourteenth Amendment ....................................................................... 6, 7, 8

**COURT RULES**

Federal Rule of Civil Procedure
  12(b)(1) ......................................................................................................... 5
  12(b)(6) ......................................................................................................... 1
  62(c) .............................................................................................................. 3
  62(d) ..................................................................................................... 2, 3, 4

**OTHER AUTHORITIES**

Assembly Bill
  No. 1955 .................................................................................................... 1, 9

# INTRODUCTION

This Court granted Defendants' motion to dismiss and declined to grant leave to amend. In doing so, the Court held that Plaintiffs' claims were premised on violation of asserted rights that, as a matter of law, are not protected by the Constitution. A day after this conclusive dismissal, the Court issued a one-sentence minute order denying Plaintiffs' previously pending motion for a preliminary injunction as moot in light of its superseding determination that Plaintiffs could not state a viable underlying claim pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiffs then filed a notice of appeal, purporting to challenge not only the Court's order dismissing their case, but also the Court's summary denial of the motion for preliminary injunction.

Plaintiffs now file a new motion for preliminary injunction, seeking to enjoin Assembly Bill No. 1955 (AB 1955) as applied to school policies that require disclosure of private student information about gender identity and gender expression during the pendency of their appeal. But this Court no longer has jurisdiction to confer such sweeping relief. By filing their notice of appeal and challenging the Court's dismissal of their entire case without leave to amend, Plaintiffs have divested the Court of jurisdiction over all aspects of this case. To the extent the Court retains any residual jurisdiction, its power is limited to preserving the status quo pending appeal. Plaintiffs' request does the opposite, asking the Court to effectively reconsider its constitutional analysis, reverse itself, and affirmatively enjoin a law that has been in effect since before the initial preliminary injunction motion was filed. In this procedural posture, the Court has no power to take such drastic action. Plaintiffs' motion should be rejected.

# ARGUMENT

## I. THIS COURT LACKS JURISDICTION TO ISSUE THE REQUESTED INJUNCTION

The Court should deny Plaintiffs' new motion for a preliminary injunction pending resolution of their appeal because it now lacks jurisdiction to alter the status quo by enjoining a law that has already been in effect for six months. Plaintiffs' motion is premised on Federal Rule of Civil Procedure 62(d). ECF 101-1 at 5. That Rule states that "[w]hile an appeal is pending from an interlocutory order or final judgment that grants, continues, modifies, refuses, dissolves, or refuses to dissolve or modify an injunction, the court may suspend, modify, restore, or grant an injunction on terms for bond or other terms that secure the opposing party's rights." Fed. R. Civ P. 62(d). Plaintiffs argue that their pending appeal concerns not only this Court's dismissal of their entire case without leave to amend, but also the Court's subsequent one-sentence denial of their preliminary injunction motion as moot. ECF 101-1 at 5.

A district court loses jurisdiction following a notice of appeal to adjudicate those matters involved in the appeal. *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982); *United States v. Sadler*, 480 F.3d 932, 941 (9th Cir. 2007). As the Supreme Court explained, "[t]he filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs*, 459 U.S. at 58. The purpose of this jurisdictional rule is to "promote judicial economy and avoid the confusion that would ensure from having the same issues before two courts simultaneously." *Nat. Res. Def. Council, Inc. v. Southwest Marine, Inc.*, 242 F.3d 1163, 1166 (9th Cir. 2001) (citing *Masalosalo v. Stonewall Ins. Co.*, 718 F.2d 955, 956 (9th Cir. 1983)).

Yet the principle of exclusive appellate jurisdiction is not absolute. *Nat. Res. Def. Council, Inc.*, 242 F.3d at 1166. District courts generally retain jurisdiction

during the pendency of an appeal to act to preserve the status quo. *Id.* (citing *Newton v. Consolidated Gas Co.*, 258 U.S. 165, 177 (1922)). Rule 62(d), on which Plaintiffs rely, has been recognized as a limited exception to the jurisdictional-transfer principle along these lines. *Nat. Res. Def. Council, Inc.*, 242 F.3d at 1166.[1] However, although the rule affords district courts the ability to grant an injunction during the pendency of an injunction appeal, it conveys "no broader power than [the district court] has always inherently possessed to preserve the status quo." *Id.* Rule 62(d) "'does not restore jurisdiction to the district court to adjudicate anew the merits of the case.'" *Id.* (quoting *McClatchy Newspapers v. Central Valley Typographical Union No. 46*, 686 F.2d 731, 734 (9th Cir. 1982)). Any action taken pursuant to Rule 62(d) may not materially alter the status of the case on appeal. *Nat. Res. Def. Council, Inc.*, 242 F.3d at 1166.

Here, for a multiple reasons, Plaintiffs' request for an injunction pending appeal should be denied. As an initial matter, Plaintiffs' threshold assumption that their current appeal concerns a "final judgement that . . . refuses . . . an injunction" for purposes of Rule 62(d) is highly questionable. To be sure, based on the framing of Plaintiffs' notice of appeal, the Ninth Circuit has identified the appeal as involving, at least in part, a preliminary injunction ruling, and set an accelerated briefing schedule. *See* No. 25-3826, Dkt. 2.1. But, this Court denied that preliminary injunction motion as moot without further analysis, because its earlier determination that Plaintiffs had not and could not establish the underlying merits of their constitutional claims necessarily disposed of that motion. Without a viable underlying complaint, a preliminary injunction based on the same theories could not have been issued. *See, e.g., Performance Designed Products LLC v. Plantronics, Inc.*, 2019 WL 3082160, at * 8 (S.D. Cal. July 15, 2019) (motion for preliminary injunction rendered moot by dismissal of operative complaint); *Silvas*

---

[1] The analysis in *National Resources Defense Counsel* refers to Rule 62(c). The Federal Rules of Civil Procedure were amended in 2018 and the substance of Rule 62(c) became Rule 62(d).

1  *v. G.E. Money Bank*, 449 F. App'x 641, 645 (9th Cir. 2011) ("Because the operative
2  complaint has been dismissed, we dismiss this interlocutory appeal [for preliminary
3  injunctive relief] as moot.").

4      The only potential issue fit for appellate review is whether this Court correctly
5  determined that the earlier dismissal without leave to amend had the effect of
6  mooting the motion.  There is no decision analyzing the criteria for issuance of a
7  preliminary injunction that can be assessed on appeal.  Whether or not injunctive
8  relief should have been granted is simply not before the appellate court.  In that
9  sense, notwithstanding the Ninth Circuit's labeling during initial intake, it is not at
10 all clear Plaintiffs' pending appeal actually meets the threshold requirements of
11 Rule 62(d).

12     Nevertheless, even assuming that Plaintiffs' current appeal concerns the denial
13 of a preliminary injunction, in this procedural posture, the Court remains unable to
14 grant the sweeping injunctive relief that Plaintiffs request.  Again, pursuant to Rule
15 62(d), the Court can only act to maintain the status quo.  *Nat. Res. Def. Council,*
16 *Inc.*, 242 F.3d at 1166; *United States v. El-O-Pathic Pharmacy*, 192 F.2d 62, 79
17 (9th Cir. 1951).  But Plaintiffs' request for relief would eviscerate the status quo.
18 They ask this Court to issue an injunction blocking a law that has been in effect
19 since the beginning of the year, which would eliminate important rights currently
20 possessed by students and teachers throughout California.  Indeed, the preliminary
21 injunctive relief sought would materially alter the ground on which the purported
22 substance of Plaintiffs' appeal rests.

23     On this point, the analysis in *Mecinas v. Hobbs*, 2020 WL 13865449 (D. Ariz.
24 July 10, 2020)—a case that is procedurally identical to this one—is particularly
25 instructive.  In that case, while a motion for preliminary injunction was pending, a
26 district court granted the defendant's motion to dismiss, and the plaintiffs filed a
27 notice of appeal.  *Id.* at *1, *2.  When the plaintiffs then sought an emergency
28 preliminary injunction under Rule 62(d), the district court denied the request.  *Id.* at

\*3. Because the district court had not granted the pending motion for preliminary injunction, based on its conclusion that it lacked jurisdiction over the case under Rule 12(b)(1), the requested injunction pending appeal would have altered the status quo, rather than preserving it. *Id.* at \*2. Additionally, the court explained that the plaintiffs' requested injunction sought to halt operation of a current and longstanding election law, further disrupting the status quo. *Id.*

The same is true here. The requested injunction will not preserve the status quo, but rather, fundamentally alter it. This Court did not issue an injunction before dismissing this case for lack of a cognizable claim for relief. Plaintiffs seek to invert that current position, obtaining an injunction that materially improves their position, while drastically changing existing rights under a state law that has been in effect since January 2025.[2] In this procedural posture, where the Court's remaining jurisdiction is extremely limited, such sweeping relief is impermissible. *Nat. Res. Def. Council, Inc.*, 242 F.3d at 1166; *Flynt Distributing Co., Inc. v. Harvey*, 127 F.2d 1389, 1392 n.1 (9th Cir. 1984).

## II. THE FACTORS FOR AN INJUNCTION PENDING APPEAL HAVE NOT BEEN MET IN ANY EVENT

Even if an injunction pending appeal that dramatically altered the current status quo were theoretically available, such relief would be unwarranted here

---

[2] The two cases cited by Plaintiffs where district courts entered an injunction pending appeal after having denied a preliminary injunction motion, do not support issuing an injunction here because the injunctions in those cases did not alter the status quo. ECF 101-1 at 5. In *Apache Stronghold v. United States*, -- F.Supp.3d --, 2025 WL 1360694, at \*8-9 (D. Ariz. 2025), the district court issued a preliminary injunction pending appeal that prevented the federal defendants from publishing the Final Environmental Impact Statement and initiating an "exchange" of land during the pendency of the appeal, to permit appellate review "before the status quo is disrupted" through the transfer of the land. Likewise, in *NetChoice v. Bonta*, 761 F. Supp. 3d 1232, 1234, 1236 (N.D. Cal. 2025), the district court granted in part and denied in part the plaintiff's motion to preliminarily enjoin enforcement of a statute, *before* its effective date. In that circumstance, the court determined "that an injunction pending appeal is appropriate to allow the opportunity for appellate review of these weighty issues before the law goes into effect." *Id.* at 1236. In contrast, AB 1955 went into effect well before Plaintiffs filed their initial preliminary injunction motion, so enjoining the statute pending appeal would alter the status quo.

under Plaintiffs' own articulation of the standard. Plaintiffs state that the legal standards for a preliminary injunction and for an injunction pending appeal are "similar" but "not . . . identical." ECF 101-1 at 5 (quoting *Apache Stronghold v. United States*, 2025 WL 1360694, at *3.) They further argue that the Court can enter a preliminary injunction pending appeal, even after denying the earlier request on mootness grounds, "so long as 'the legal question raised is particularly important and serious questions going to the merits have been raised.'" ECF 101-1 at 5 (quoting *Apache Stronghold v. United States*, 2025 WL 1360694, at *3.) But "the fact that a court previously found that a preliminary injunction was not warranted should carry significant weight, so the circumstances must be of unusual magnitude to justify a district court granting an injunction pending appeal after denying a preliminary injunction." *NetChoice*, 761 F. Supp. 3d at 1236. There are no such circumstances in this case.

Though this matter is undoubtedly important to Plaintiffs, no "serious questions going to the merits have been raised."[3] This Court has determined that, as a matter of law, the asserted parental rights that AB 1955 is alleged to violate are not protected by the Fourteenth Amendment. ECF 96 at 15-32, 33. For instance, the Court determined that calling a student by their requested name and pronouns, which does not intrude upon the student's bodily integrity, does not constitute medical treatment by the school. It therefore concluded that Plaintiffs "have not pled a 'plausible' theory that AB 1955 allows schools to violate their right to refuse medical treatment." *Id.* at 20-25. Additionally, the Court found that Plaintiffs'

---

[3] In support of their argument that there are serious questions going to the merits of their substantive due process claims, Plaintiffs repeat many of the arguments that they raised in their preliminary injunction papers. *Compare* Plaintiffs' Motion for Preliminary Injunction Pending Appeal (ECF 101-1 at 6-9) to Memorandum in Support of Plaintiffs' Motion for Preliminary Injunction (ECF 73-1 at 19-24) and Reply in Support of Plaintiffs' Motion for Preliminary Injunction (ECF 94 at 8-13.) As to the underlying weakness of Plaintiffs' constitutional claims, Defendants incorporate by reference the arguments made in their Motion to Dismiss (ECF 58-1 at 26-32), Reply to Plaintiffs' Opposition to their Motion to Dismiss (ECF 63 at 11-15), and Opposition to Plaintiffs' Motion for Preliminary Injunction (ECF 86 at 19-28).

claims were premised on an asserted right that, "as a matter of law," is not protected by the Fourteenth Amendment. ECF 96 at 33. Thus, even at the pleading stage, regardless of the allegations that could be put forth, Plaintiffs simply cannot state a legally plausible claim for relief.[4] Accordingly, this case does not raise serious *legal* questions that warrant the extraordinary remedy of an injunction while the Ninth Circuit considers Plaintiffs' appeal.[5]

Plaintiffs also fail to meet the other requirements for issuance of a preliminary injunction. As for the requirement of irreparable harm, Plaintiffs argue that the challenged provisions of AB 1955 irreparably harm them because those provisions violate their alleged substantive due process rights. ECF 101-1 at 10. Yet the Court has already determined, as a matter of law, that AB 1955 does not violate any Fourteenth Amendment rights alleged by Plaintiffs.[6] ECF 96 at 15-32, 33.

---

[4] Plaintiffs refer to the Supreme Court's recent decision regarding parents' religious rights to support their request for an injunction pending appeal. *See Mahmoud v. Taylor*, -- S.Ct. --, 2025 WL 1773627, at *13–15, *19 (U.S. June 27, 2025). But *Mahmoud* is inapplicable here because it was based on a First Amendment Free Exercise claim, which is not present in this action. *See, e.g.*, *id.* at *35, *40-41.

[5] In contrast to Plaintiffs' failure to raise serious questions going to the merits, resulting in this Court's dismissal of their complaint *without leave to amend*, the court in *NetChoice* issued an injunction pending appeal because its prior order denying the preliminary injunction motion was not conclusive on the issues. *See NetChoice v. Bonta*, 761 F. Supp. 3d 1202, 1232 (N.D. Cal. 2024) ("Because the Court decided this motion on a highly abbreviated schedule and the parties had the opportunity to assemble only a thin record in that time, the Court emphasizes that this preliminary injunction order is just that—preliminary. Further factual development could well reveal that provisions enjoined now are constitutional, or that provisions not enjoined now are unconstitutional.")

[6] Plaintiffs now argue, for the first time, that they can establish irreparable harm based on the risk of irreparable harm to their nonparty children. ECF 101-1 at 7:10-14. Plaintiffs do not cite any authority to support this contention, and, in any event, the contention is incorrect, as irreparable harm can only be established based on harm to the moving party. *See South Bay United Pentecostal Church v. Newsom*, 959 F.3d 938, 939 (9th Cir. 2020) ("we consider whether the moving party has demonstrated that . . . they are likely to suffer irreparable harm"); *see also Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008) (a plaintiff seeking a preliminary injunction must establish that . . . *he* is likely to suffer irreparable harm") (emphasis added). Plaintiffs' children are not moving parties with respect to this motion.

1  Moreover, Plaintiffs' delay in seeking preliminary injunctive relief undercuts
2  any assertion that AB 1955 has or will cause them irreparable harm. *See Oakland*
3  *Trib., Inc. v. Chron. Pub. Co.*, 762 F.2d 1374, 1377 (9th Cir. 1985) ("long delay
4  before seeking a preliminary injunction implies a lack of urgency and irreparable
5  harm"). AB 1955 was enacted in July 2024. ECF 52 ¶ 205. Plaintiffs filed this
6  lawsuit in September 2024, well before the law's January 1, 2025, effective date.
7  Yet they waited until March 26, 2025, over six months after filing their complaint,
8  and nearly three months after the challenged law went into effect, to bring a
9  preliminary injunction motion. ECF 73-1.
10  Plaintiffs also repeat their arguments from their preliminary injunction
11  briefing that the balance of the equities and the public interest support relief. ECF
12  101-1 at 12-13. Yet, as fully set forth in Defendants' opposition to Plaintiffs'
13  preliminary injunction motion, the balance of equities and public interest in this
14  case dramatically cut against Plaintiffs' request for injunctive relief. *See* ECF 86 at
15  30-33 (incorporated by reference). Permitting schools to require staff to "out"
16  students to parents based on their gender identity and expression without their
17  consent, is likely to result in various harms to those students. *See id*. at 30-32; *see*
18  *also* ECF 86-1 through ECF 86-6. Moreover, the State and the public have a strong
19  interest in seeing a duly enacted law, which has already been in effect for half a
20  year, and which this Court has determined does not violate the Fourteenth
21  Amendment, remain in effect and not be enjoined pending appeal. *See NetChoice*,
22  761 F. Supp. 3d at 1236 ("Defendant also has a countervailing interest in seeing a
23  duly enacted law," parts of which the court has already determined are likely
24  constitutional, "go into effect.")
25  **III. PLAINTIFFS' REQUESTED INJUNCTION IS DRASTICALLY OVERBROAD**
26  As explained above, the Court should deny Plaintiffs' motion for an injunction
27  pending appeal. But even if the Court were considering granting the motion, the
28  requested injunction is vastly overbroad. Specifically, Plaintiffs seek to facially

8

enjoin sections 5 and 6 of AB 1955 (pertaining to "gender identity" and "gender expression") pending resolution of their appeal, not just as applied to them. *See* ECF 102-2. Yet, Plaintiffs fail to justify the need for such broad relief, which would upend the status quo throughout the State. They have not shown that there are serious legal questions about AB 1955's constitutionality in all its applications. And, even if they could, they have failed to show that an injunction going beyond the parties is necessary to afford them full relief pending appeal.

Moreover, the Court held that the City of Huntington Beach and five of the ten Parent Plaintiffs lack standing to bring their claims. ECF 96 at 7, 14. Plaintiffs' motion does not contain any argument that there are serious legal questions concerning the Court's ruling as to standing. Thus, there is no basis for the Court to grant an injunction to parties it has determined as a matter of law do not have standing. And even as to the five Parent Plaintiffs that the Court determined have standing, two of them, Parents 1A and 5A, have children who were seniors in high school during the 2024-25 school year. ECF 52 ¶¶ 9, 89. Presumably, those students have graduated, and their parents' claims are now moot. Courts have repeatedly held that a student or parent's declaratory and injunctive relief claims regarding a school policy are moot upon the student's graduation. *See Doe v. Madison Sch. Dist. No. 321*, 177 F.3d 789, 798 (9th Cir. 1999) ("A student's graduation moots claims for declaratory and injunctive relief."); *Cook v. Colgate Univ.*, 992 F.2d 17, 19 (2d Cir. 1993) (collecting cases); *Bd. of Sch. Comm'rs of City of Indianapolis v. Jacobs*, 420 U.S. 128, 129 (1975) (holding that action between named plaintiffs and school system became moot upon plaintiffs' graduation). It, therefore, appears there are only three Parent Plaintiffs with standing to bring their claims. Thus, even if the Court were to consider granting an injunction pending appeal (it should not), that relief should be granted only as to those Plaintiffs.

# CONCLUSION

This Court should reject Plaintiffs' Motion for Preliminary Injunction Pending Appeal.

Dated: July 3, 2025

Respectfully submitted,

ROB BONTA
Attorney General of California
DARRELL W. SPENCE
Supervising Deputy Attorney General

KEVIN L. QUADE
Deputy Attorney General
*Attorneys for Defendants*

**CERTIFICATE OF COMPLIANCE**

The undersigned, counsel of record for Defendants, certifies that this brief does not exceed 25 pages, which complies with the page limit set by Judge Marshall's Standing Order, Section 7(c).

Dated:  July 3, 2025

Respectfully submitted,

ROB BONTA
Attorney General of California
DARRELL W. SPENCE
Supervising Deputy Attorney General

KEVIN L. QUADE
Deputy Attorney General
*Attorneys for Defendants*

# CERTIFICATE OF SERVICE

| | | | |
|---|---|---|---|
| Case Name: | **City of Huntington Beach v Newsom, et al.** | No. | **8:24-cv-02017 CBM (JDEx)** |

I hereby certify that on <u>July 3, 2025,</u> I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION PENDING APPEAL**

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on <u>July 3, 2025</u>, at Los Angeles, California.

| | |
|---|---|
| V. Thompson | /s/ *V. Thompson* |
| Declarant | Signature |

SA2024304292